UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RAHUL CHATURVEDI, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-11880-FDS |
| v. | ) ) | |
| RAHUL SIDDHARTH; SIDDHARTH SIDDHARTH; MEERA SIDDHARTH; NARINDER THIND; JOHN DOE, INC.; JANE DOE; ARVIND KUMAR JAISWAL; JAMES DUCKETT, JR.; SUBHASH VERMA; RN SHUKLA; and T. EKAMBARAM NAIDU, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER ON MOTIONS TO DISMISS,
MOTION FOR LEAVE TO AMEND THE COMPLAINT,
MOTION FOR SANCTIONS, AND MOTIONS TO STRIKE**

**SAYLOR, C.J.**

This is an action by *pro se* plaintiff Rahul Chaturvedi alleging, in substance, a vast conspiracy that caused him to lose his medical license and medical center, and forced him to file for bankruptcy at least twice, among other claimed harms. He has brought suit against defendants Arvind Kumar Jaiswal; James Duckett, Jr.; Subhash Verma; RN Shukla; T. Ekambaram Naidu; Narinder Thind; John Doe; Jane Doe, Inc.; Siddharth Siddharth; Meera Siddharth; and Rahul Siddharth.

Defendants Siddharth, Meera, and Rahul Siddharth have moved to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, as well as for sanctions

for filing a frivolous lawsuit. Defendant Jaiswal has moved to dismiss the amended complaint on the same grounds, and under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. He has also moved to strike certain docket entries. Chaturvedi has moved for leave to amend his complaint, and to strike certain paragraphs of Verma's answer.

For the reasons stated below, the Court concludes that it has subject-matter jurisdiction over this matter; that Chaturvedi's motion for leave to amend his complaint will be granted; that the motions to dismiss will be deemed renewed in light of the amendment of the complaint; that the amended complaint fails to state a claim upon which relief can be granted as to the federal claims it alleges; that the motion for sanctions against Chaturvedi will be denied without prejudice; that Chaturvedi's motion to strike will be granted; and that Jaiswal's motion to strike will be denied.

Because the only claims purporting to arise under federal law will be dismissed, and because this case is at an early stage, the Court will decline to exercise its supplemental jurisdiction over the remaining state-law claims. Accordingly, the action will be dismissed.

**I.      Background**

On October 20, 2020, Chaturvedi filed a complaint against defendants Siddharth Siddharth, Meera Siddharth, and Rahul Siddharth, who are members of the same family, and defendants Narinder Thind, John Doe, and Jane Doe, Inc. (Compl. at 1, 2). That same day, Chaturvedi filed for bankruptcy in the United States Bankruptcy Court for the District of Massachusetts. *In re Rahul Chaturvedi*, Case No. 20-12087, (Dkt. No. 1).[1]

---

[1] On December 11, 2020, Jaiswal moved to stay this case pending an outcome of the bankruptcy proceeding. (Dkt. No. 24). Specifically, he requested that the Court stay the case pending disposition "of the U.S. Trustee's Motion to Dismiss Chaturvedi's bankruptcy petition" and stated that "if said motion is allowed, the parties [will] proceed in this court with motions to dismiss." (Dkt No. 24, at 3-4). On January 5, 2021, the court granted the trustee's motion to dismiss the bankruptcy petition. (*In re Rahul Chaturvedi*, Case No. 20-12087, (Dkt No 57). Chaturvedi's motion for reconsideration of that dismissal was denied on January 12, 2021. (*Id.* (Dkt No 71). On

On November 19, 2020, Chaturvedi amended the complaint, and added defendants Arvind Kumar Jaiswal, James Duckett Jr., Subhash Verma, RN Shukla, and T. Ekambaram Naidu. (Am. Compl. at 1). On December 14, 2020, Chaturvedi moved for leave to amend his complaint for a second time. (Dkt. No. 26).

Chaturvedi alleges that over a twenty-year period, defendants perpetrated a series of frauds leading to the "complete destruction" of his livelihood, his reputation, and his businesses. (*See* Dkt No. 26, Ex. 1 ("Third Am. Compl.") ¶¶ 1, 2). He refers to defendants as a "Group" that act "collectively" in "orchestrat[ing] 'frames'" and "false" lawsuits against him, and alleges that their actions have forced him to file for bankruptcy twice. (*Id.* ¶¶ 1, 2, 10, 11).

The proposed amended complaint alleges ten counts (although it alleges multiple legal theories within some of those counts): defamation as to all defendants (count 1); intentional infliction of emotional distress as to all defendants (count 2); breach of contract as to all defendants except Meera and Rahul, as to whom it alleges "aiding and abetting" a breach of contract (count 3); civil conspiracy as to all defendants (count 4); "[negligent] & [tortious]" interference with contractual relations as to Jaiswal (count 5); unfair and deceptive business practices in violation of Mass. Gen. L. ch. 93A as to Jaiswal and Siddharth (count 6); threats in interstate communications and theft and unlawful distribution of "privacy protected information" in violation of 18 U.S.C. § 876 as to Jaiswal (count 7); a violation of the Computer Fraud Abuse Act, 18 U.S.C. § 1030 as to Jaiswal (count 8); tortious interference with contractual relations as to Rahul (count 9); and civil conspiracy between Siddharth, Rahul, Duckett and Jaiswal (count

---

January 13, 2021, Jaiswal moved to dismiss this action. Accordingly, the court will deny Jaiswal's motion to stay as moot.

10).  (*Id.* at 26-35).[2]

**II.     Analysis**

      **A.     Motions to Dismiss for Lack of Subject-Matter Jurisdiction**

Courts can never assume the existence of subject-matter jurisdiction, but rather, must make an affirmative decision as to its existence.  *Steel Co. v. Citizens for a Better Environment*, 523 U.S 83, 94-95 (1998).  Accordingly, the first question is whether the Court has subject-matter jurisdiction over this action.

As a general matter, federal courts have subject-matter jurisdiction over cases involving diversity of citizenship or cases arising under federal law.  28 U.S.C. §§ 1331, 1332.

Where a party seeks to invoke the jurisdiction of a federal district court under § 1332, the parties must be completely diverse.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  Complete diversity does not exist where any plaintiff is a citizen of the same state as any defendant.  *See id.*  Here, Chaturvedi and defendants Siddharth, Meera, and Thind are all citizens of Massachusetts.  (Third Am. Compl. ¶¶ 11, 12, 14, 15).  Therefore, the court does not have subject-matter jurisdiction over the action pursuant to § 1332.

However, Chaturvedi's various complaints all purport to allege certain claims arising under federal law.  Chaturvedi's first complaint alleged a civil claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).  (Compl. ¶ 55).  His second complaint realleged that claim, and added a "theft of intellectual property" claim, which appeared to seek a declaratory judgment pursuant to 28 U.S.C. § 2201 of non-infringement and/or invalidity of a trademark.  (Am. Compl. ¶¶ 28-31, 102, 118).  It also added five civil

---

[2] The proposed amended complaint asserts claims against "Defendants" and "other Defendants," which may include Jane Doe and John Doe, Inc., but they are called "to-be-named [d]efendants" by Chaturvedi in the complaint, and there are no specific allegations as to them.

claims under the following federal criminal statutes:  those creating the crimes of wire fraud, in violation of 18 U.S.C. § 1343; extortion and threats in interstate communications, in violation of 18 U.S.C. §§ 875 and 876; identity theft, in violation of 18 U.S.C. § 1028; and stalking, in violation of § 18 U.S.C. § 2261A.  (*Id.* ¶¶ 93, 94, 95, 112, 116).[3]

Finally, the proposed third amended complaint alleges a civil claim under the criminal statute for threats in interstate communications, 18 U.S.C. § 876 (count 7), and a civil claim under the Computer Fraud Abuse Act, 18 U.S.C. § 1030 (count 8).

Thus, the Court has federal-question jurisdiction over one or more of the claims alleged in this action, regardless of which complaint is operative.  The second and third amended complaints also assert claims under state law.  In a civil action where a district court has original jurisdiction, the court has supplemental jurisdiction over all related claims that form part of the "same case or controversy."  28 U.S.C. § 1367(a).  A court has jurisdiction where state and

---

[3] Those statutes do not create a private right of action to bring a civil claim against an alleged wrongdoer. *See*, *e.g.*, *Liu v. Amerco*, 677 F.3d 489, 494 (1st Cir. 2012) (holding that no private right of action exists under § 1341 *et seq.*); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 165 F.3d 402, 408 (8th Cir. 1999) (holding that no private right of action exists under 18 U.S.C. §§ 1341 or 1343); *Cholakian v. FBI*, 2018 WL 2187374, at *2 (D. Mass. May 11, 2018) (same, as to § 875); *Dourlain v. Comm'r of Taxation & Fin.*, 133 F. App'x 765, 767-68 (2d Cir. 2005) (same, as to § 876); *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302–03 (E.D.N.Y. 2004) (same, as to § 1028); *Ives v. Tyer*, 2017 WL 6551361, at *3 (D. Mass. Nov. 3, 2017) (same, as to § 2261A).

The attempted assertion of civil claims under those statutes is "so devoid of merit" as to call into question the existence of federal-question jurisdiction.  *See Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974) (stating that dismissal for lack of subject-matter jurisdiction based on the inadequacy of the federal claim is appropriate where the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy"); *Bell v. Hood*, 327 U.S. 678, 682 (1946) (holding that dismissal for lack of jurisdiction is appropriate if it is not colorable, that is, "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous"); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Merrell Dow Pharm Inc. v. Thompson*, 478 U.S. 804, 817 (1986).

Unfortunately, the case law as to the "dichotomy" between lack of subject-matter jurisdiction and failure to state a claim is often confused and inconsistent.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (discussing how courts have been "less than meticulous" in addressing the issue).  As discussed, a court can never assume the existence of subject-matter jurisdiction, but must make an affirmative decision as to its existence.  Under the circumstances, the Court concludes that those claims are sufficiently colorable to confer federal-question jurisdiction, even if only barely so.

federal claims derive from "a common nucleus of operative fact," and when the claims are such that a party would "ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).  Thus, to the extent the state-law claims in the second or third amended complaints derive from a "common nucleus of operative fact," the Court also has subject-matter jurisdiction over those claims.

   **B.**  **Motion for Leave to Amend the Complaint**

   Chaturvedi has moved for leave to amend his complaint for a second time.  Under Rule 15(a), a party may amend a "pleading" without leave of court in certain relatively narrow circumstances. Fed. R. Civ. P. 15(a).  "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  Nonetheless, amendments may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In determining whether to grant a motion to amend, the court must examine the totality of the circumstances and "exercise its informed discretion in constructing a balance of pertinent considerations." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30-31 (1st Cir. 2006).

   Here, Chaturvedi's proposed amended complaint is substantially more compliant with the rules of pleading, see Fed. R. Civ. P. 8(a), than his first and second complaints.  Among other things, the proposed amended complaint sets forth specific factual allegations as to each count, numbers each count, and alleges a purported basis for personal jurisdiction over defendants.  *See* Fed. R. Civ. P. 8(a) (requiring the complaint to contain, among other items, "a short and plain statement of the grounds for the court's jurisdiction . . . [and] of the claim showing that the

pleader is entitled to relief."). The proposed amended complaint is also clearer as to the legal theories Chaturvedi is asserting and the relief he seeks. *See id.* (requiring the claim for relief to contain "a demand for the relief sought"); (Third Am. Compl. ¶¶ 22, 23, 48, 57, 59). Under other circumstances, the Court might deny the proposed amendment on the ground of futility. However, in light of plaintiff's *pro se* status, and the fact that the proposed amended complaint is clearer and more compliant with the rules, it appears that on balance leave should be "freely give[n]" in this case. Fed. R. Civ. P. 15(a)(2). Thus, the Court will grant Chaturvedi's motion for leave to amend his complaint.

An amended complaint completely supersedes an original complaint. *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998). However, to the extent that the parties have filed motions to dismiss, the Court will deem them renewed in order to promote the efficient resolution of this action.

### C. Motion to Dismiss for Lack of Personal Jurisdiction

Jaiswal contends in his motion to dismiss that the court lacks both specific and general jurisdiction over him. The plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendants. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). In considering a motion to dismiss under Rule 12(b)(2), the court may employ several standards to assess whether plaintiff has carried that burden: the "prima facie" standard; the "preponderance-of-the-evidence" standard; or the "likelihood" standard. *See id.* at 50-51, 51 n.5; *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145-46 (1st Cir. 1995). Where, as here, the court is called to make that assessment without first holding an evidentiary hearing, the prima facie standard is applied. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light

most favorable to [plaintiff's] jurisdictional claim." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (quoting *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)). A plaintiff may not "rely on unsupported allegations in [its] pleadings." *Id.* (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)). "Rather, [the plaintiff] must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." *Id.* (quoting *Foster-Miller*, 46 F.3d at 145). Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)). Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating each jurisdictional requirement. *See Swiss Am. Bank*, 274 F.3d at 618.

The exercise of personal jurisdiction over a defendant must be authorized by statute and be consistent with the due-process requirements of the United States Constitution. *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 712 (1st Cir. 1996); *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005). Furthermore,

> [a] district court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

*Swiss Am. Bank*, 274 F.3d at 618 (citations and quotations omitted).

For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); Mass. Gen. L. ch. 223A, § 2. However, a court may also exercise general jurisdiction over an individual when he or she explicitly consents to that exercise. *Grice v. VIM Holdings*

*Group, LLC*, 280 F. Supp. 3d 258, 269-70 (D. Mass. 2017).  For example, "in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction.  Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process."  *Burger King Corp v. Rudzewicz*, 41 U.S. 462, n.14 (1985) (citation and internal quotation marks omitted).

Here, the amended complaint alleges that Jaiswal is domiciled in Virginia, and therefore, the court cannot exercise jurisdiction over him on that basis.  (Third Am. Compl. ¶ 16).  It further alleges that "[he] [is] *contractually bound* to submit to the jurisdiction of Massachusetts."  (*Id.* ¶ 23) (emphasis added).  The purported contract on which that allegation is based is neither identified in the complaint nor attached to it as an exhibit.  Thus, the Court has no way of interpreting whether the agreement contains a forum selection clause, or whether that clause is "[]reasonable and []just."  *Burger King*, 41 U.S. at n.14.  Accordingly, the Court cannot exercise jurisdiction over Jaiswal on the basis that he has consented by contract to jurisdiction in Massachusetts.

As to specific jurisdiction, in Massachusetts, a federal court can assert specific personal jurisdiction over an out-of-state defendant only if the state long-arm statute, Mass. Gen. Laws ch. 223A, § 3, so allows, and the exercise of jurisdiction is consistent with constitutional due process.  *Daynard*, 290 F.3d at 52.

The Supreme Judicial Court has historically interpreted the long-arm statute to extend to the limits allowed by the United States Constitution.  *See "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.*, 361 Mass. 441, 443 (1972); *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 771 (1994).  Accordingly, the First Circuit has held that a district court can "sidestep

the statutory inquiry and proceed directly to the constitutional analysis." *Daynard*, 290 F.3d at 52.[4]

Due process requires that a plaintiff alleging specific personal jurisdiction establish the existence of three conditions:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (alteration and citation omitted).

"To show relatedness, [the plaintiff] must produce evidence that shows [his] cause of action either arises direct out of, or is related to, the defendant's forum-based contacts." *LP Sols. LLC v. Duchossois*, 907 F.3d 95, 103 (1st Cir. 2018) (internal quotation marks and citation omitted).  "The test for purposeful availment is only satisfied when the defendant purposefully and voluntarily directs his activities toward the forum so that he should expect, by virtue of the benefit he receives, to be subject to the court's jurisdiction based on these contacts." *Id.* (internal quotation marks and citation omitted).  To show reasonableness, a plaintiff must show that on balance, the five "gestalt factors" weigh in favor of finding jurisdiction. *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 209 (1st Cir. 2009).  The gestalt factors are (1) the defendants' burden of appearing in the forum state; (2) the forum state's interest in adjudicating the dispute; (3) the

---

[4] "[I]n recent cases, [the First Circuit] ha[s] suggested that the Commonwealth's long-arm statute might impose limits on the exercise of personal jurisdiction 'more restrictive' than those required by the Constitution." *A Corp. v. All American Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016) (citing *Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016)).  However, where, as here, the exercise of personal jurisdiction over Jaiswal would not satisfy due process, the court need not reach the question of whether personal jurisdiction is appropriate under the "more restrictive" Massachusetts long-arm statute. *A Corp.*, 812 F.3d at 59.

plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.  *See id.*

It appears that the only count that contains factual allegations of conduct by Jaiswal directed to Massachusetts is Count 7, which alleges a threat in interstate communications and theft and unlawful distribution of "privacy protected information" in violation of 18 U.S.C. § 876.  (Third Am. Compl. ¶ 61).  That count alleges, in substance, that Jaiswal sent, or caused to be sent, packages containing threatening communications to Chaturvedi's home in Massachusetts, and those communications form the basis of the claim.  As set forth below, Count 7 clearly fails to state a claim upon which relief can be granted, and therefore the Court need not decide whether it has personal jurisdiction over Jaiswal because he "direct[ed] his activities" toward Massachusetts by sending packages containing threats to the state.[5]

### D. Motions to Dismiss for Failure to State a Claim

The amended complaint purports to assert two federal claims:  a civil claim based on a threat in interstate communications and "[theft and unlawful distribution of privacy protected information]" in violation of 18 U.S.C. § 876 (Count 7), and a violation of the Computer Fraud Abuse Act, 18 U.S.C. § 1030 (Count 8).

A *sua sponte* dismissal of a complaint for failure to state a claim is warranted where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile."

---

[5] None of the other counts contain factual allegations suggesting that Jaiswal had contact with Massachusetts.  While a section titled "Venue" alleges that "Jaiswal maintains a Hyannis office," that section does not explain how the counts against Jaiswal relate to that office or Jaiswal's activity there.  (Third Am. Compl. ¶ 23).  It further alleges that "harmful conduct occurred in Massachusetts," but personal jurisdiction must be predicated on a defendant's actions, not the "unilateral activity of [a plaintiff]."  (*Id.*); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Thus, it is not enough that Chaturvedi allegedly felt the harm of Jaiswal's conduct in Massachusetts.

*Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002).  However, "*[s]ua sponte* dismissals are strong medicine, and should be dispensed sparingly."  *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (quoting *Gonzalez–Gonzalez v. United States*, 257 F.3d 31, 33 (1st Cir. 2001)).  "The general rule is that 'in limited circumstances, *sua sponte* dismissals of complaints under Rule 12(b)(6) . . . are appropriate,' but that 'such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond.'"  *Chute*, 281 F.3d at 319 (quoting *Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R.*, 144 F.3d 7, 13–14 (1st Cir. 1998)).

On a motion to dismiss under 12(b)(6), the court "assume[s] the truth of all well-plead[ed] facts and give[s] . . . plaintiff the benefit of all reasonable inferences therefrom."  *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007).  To survive a motion to dismiss, the complaint must state a claim that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

Where, as here, a party is proceeding *pro se*, any document he or she files "is to be

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 116 F.3d 464, at *1 (1st Cir. June 23, 1997) (per curiam)).

Count 7 alleges a threat in interstate communications and "[theft and unlawful distribution of privacy protected information]" in violation of 18 U.S.C. § 876. As discussed, 18 U.S.C. § 876 does not create a private right of action to bring a civil claim against an alleged wrongdoer. *See, e.g.*, *Dourlain*, 133 F. App'x at 767-68 (holding that no private right of action exists under § 876). Thus, Count 7 will be dismissed because it is "crystal clear" that Chaturvedi cannot prevail on it. *Chute*, 281 F.3d at 319 (1st Cir. 2002).

As to Count 8, the Computer Fraud and Abuse Act creates liability for anyone who "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value." 28 U.S.C. § 1030(a)(4); *EF Cultural Travel BV v. Explorica, Inc.*, 274 F.3d 577, 581-82 (1st Cir. 2001). The CFAA defines a "protected computer" as, among other items, "a computer . . . used in or affecting interstate or foreign commerce," which courts have held includes those "used in conjunction with a business' efforts to conduct sales across state lines" and those "that provides access to worldwide communications through applications accessible

through the internet provides." 18 U.S.C. § 1030(e)(2)(B); *Patrick Patterson Custom Homes, Inc. v. Bach*, 586 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008).

Here, the amended complaint alleges that Jaiswal "modified a proprietary Spheon Imaging Scanner and purported to create a similar one," using "protected information"; disclosed that information to Rahul; and that Rahul then "launched Verificent Technologies Professional Corporation . . . [using] the proprietary technology. . . ." (Third Am. Compl. ¶¶ 68-69). While, taken together, those allegations might be sufficient to state a claim that Jaiswal stole trade secrets from Chaturvedi, or breached a contract with Chaturvedi, they have nothing to do with whether Jaiswal accessed a "protected computer" or had the requisite "intent to defraud" required under § 1030(a)(4). There are no factual allegations in support of those requirements. Thus, Count 8 will also be dismissed for failure to state a claim.

### E.     Exercise of Supplemental Jurisdiction

If a "district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over any state-law claims. 28 U.S.C. § 1367. "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Accordingly, because the only federal claims in the third amended complaint—counts 7 and 8—will be dismissed, and because this case is in the very early stages, the Court will decline to exercise its supplemental jurisdiction over the remaining state-law claims.

### F.     Motion for Sanctions

The Siddharths have requested attorneys' fees and costs for having to defend against a "frivolous" action. Fed. R. Civ. P. 11 authorizes the court to sanction parties or attorneys who file pleadings, motions or other papers "for any improper purpose, such as to harass or to cause unnecessary delay or needlessly increase in the cost of litigation." *Simon v. Navon*, 71 F.3d 9, 17

(1st Cir. 1995). This determination is left to the court's "considered judgment." *Id.* Pro se plaintiffs are subject to sanctions, but the court must consider the state of the *pro se* party's sophistication and experience, or lack thereof, when determining the nature and severity of sanctions to be imposed. *See Lefebvre v. Commissioner*, 850 F.2d 417, 420-21 (1st Cir. 1987).

Because this matter is being dismissed at an early stage, but without consideration of the state-law claims, the Court is not able to ascertain whether the lawsuit is frivolous in its entirety, or brought in bad faith or solely for purposes of harassment. Should this matter be re-filed in state court, the judge in that proceeding will be in a better position to assess the merits of that claim. The Court will therefore deny the motion for sanctions and attorney's fees, but will do so without prejudice to its renewal.

### G. Motions to Strike

Chaturvedi contends that paragraphs D, E, F, G, and H, and Exhibit 1 of Verma's answer should be struck. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) specifically gives the Court discretion as to whether or not to strike a particular matter, and motions to strike are generally disfavored. *See Zurich Am. Ins. Co. v. Watts Regulator Co*., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (citing *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988)).

The challenged portions of the answer allege that Chaturvedi is wanted for criminal prosecution in India, and attach supporting documentation. Whatever the truth of such allegations and documentation, they are impertinent because they are not relevant to any of the claims asserted in the complaint. Accordingly, they will be struck. *See, e.g.*, *Berke v. Presstek, Inc.*, 188 F.R.D. 179, 180, 181 (D.N.H. 1998) ("[M]atter" in a pleading will not be [struck] "unless it is clear that it can have no possible bearing upon the subject matter of the litigation.").

Jaiswal contends that Docket Entries 38, 40, 41, 46 and 47, which are a series of motions and letters for relief filed by Chaturvedi, should be struck in their entirety because they do not seek relief and contain misleading or false information that reflects negatively on him.  Based on the Court's review of those filings, it does not appear that they are sufficiently irrelevant as to require being struck under Rule 12(f), and therefore the motion will be denied.

### III.   Conclusion

For the foregoing reasons,

1. Plaintiff's motion for leave to file a third amended complaint (Docket No. 26) is GRANTED;

2. Defendants' motions to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted (Docket Nos. 8, 16, and 36) are deemed renewed and applicable to the third amended complaint;

3. Defendants' motions to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted (Docket Nos. 8 and 16) are DENIED as to the claim of lack of subject-matter jurisdiction, and DENIED as moot as to remaining issues raised;

4. Defendant's motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted (Docket No. 36) is DENIED as to the claim of lack of subject-matter jurisdiction, GRANTED as to failure to state a claim upon which relief can be granted as to the claim set forth in Count 7, and DENIED as moot as to remaining issues raised;

5. Counts 7 and 8 are DISMISSED for failure to state a claim upon which relief can be granted:

6. The Court declines to exercise subject-matter jurisdiction over the remaining counts, which are DISMISSED without prejudice;

      7.      Defendants' motion for sanctions (Docket No. 18) is DENIED without prejudice;

      8.      Plaintiff's motion to strike (Docket No. 45) is GRANTED;

      9.      Defendant's motion to strike (Docket No. 48) is DENIED without prejudice;

      10.     Plaintiff's motion to file documents under seal (Docket No. 20) is GRANTED;

      11.     All other pending motions (Docket Nos. 24, 25, 27, 28, 29, 34, 35, 38, 40, 41, 42, 43, and 50) are DENIED as moot; and

      12.     This action is hereby DISMISSED.

**So Ordered.**

                                                 /s/ F. Dennis Saylor IV
                                                 F. Dennis Saylor IV
Dated: February 19, 2021                 Chief Judge, United States District Court